

Michael G. Adams
Secretary of State

**Commonwealth of Kentucky**
**Office of the Secretary of State**

Summons Division
PO BOX 718
FRANKFORT, KY 40602-0718

March 16, 2022

MICHAEL PATRICK NORTON
KAWASAKI MOTORS CORP., USA
26972 BURBANK
FOOTHILL RANCH, CA 92610

FROM:   SUMMONS DIVISION
        SECRETARY OF STATE

RE:     CASE NO: 22-CI-00010

COURT:  Circuit Court Clerk
        Owsley County
        Courthouse
        PO Box 130
        Booneville, KY 41314
        Phone: (606) 593-6226

Legal action has been filed against you in the captioned case. As provided under Kentucky law, the legal documents are enclosed.

**Questions regarding this action should be addressed to:**

(1) **Your attorney, or**
(2) **The attorney filing this suit whose name should appear on the last page of the complaint, or**
(3) **The court or administrative agency in which the suit is filed at the clerk's number printed above.**

The Kentucky Secretary of State has NO POWER to make a legal disposition of this case. Your responsive pleadings should be filed with the clerk of the court or agency where the suit is filed and served directly on your opposing party.

No copy of future pleadings need be sent to this office unless you wish us to serve the pleading under a particular statute or rule and pay for said service.

---

Kentucky Secretary of State's Office         Summons Division         3/16/2022

| AOC-E-105  Sum Code: CI | | Case #: **22-CI-00010** |
|---|---|---|
| Rev. 9-14 |  | Court: **CIRCUIT** |
| Commonwealth of Kentucky Court of Justice   Courts.ky.gov | | County: **OWSLEY** |
| CR 4.02; Cr Official Form 1 | **CIVIL SUMMONS** | |

*Plantiff,* JONES, DOUG VS. S.W.T. CORP D/B/A CC POWERSPORTS ET AL, *Defendant*

TO: **MICHAEL PATRICK NORTON**
    **26972 BURBANK**
    **FOOTHILL RANCH, CA 92610**

Memo: Related party is KAWASAKI MOTORS CORP., USA

The Commonwealth of Kentucky to Defendant:
**KAWASAKI MOTORS CORP., USA**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ Phyllis Cornett
Owsley Circuit Clerk
Date: **3/9/2022**

RECEIVED
MAR 1 5 2022
SECRETARY OF STATE
COMMONWEALTH OF KY

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20____

_____
Served By

_____
Title

Summons ID: 439295629484562@00000015621
CIRCUIT: 22-CI-00010 Long Arm Statute – SOS - Restricted Delivery
JONES, DOUG VS. S.W.T. CORP D/B/A CC POWERSPORTS ET AL



Page 1 of 1


eFiled

COMMONWEALTH OF KENTUCKY
OWSLEY CIRCUIT COURT
DIVISION _____
CIVIL ACTION NO. _____

**DOUG JONES**                                                                                                                        **PLAINTIFF**

v.

**S.W.T. CORP d/b/a CC POWERSPORTS**                                         **DEFENDANTS**

    *Serve*: *Via Certified Mail*
    Tina Gonzalez
    327 Centre Drive
    Shepherdsville, KY 40165

and

**KAWASAKI MOTORS CORP., U.S.A.**

    *Serve:* *Via Long Arm Statute*
    Kentucky Secretary of State
    700 Capital Avenue, Ste. 86
    Frankfort, Kentucky 40601

    for

    Michael Patrick Norton
    26972 Burbank
    Foothill Ranch, California 92610-2506

and

**KAWASAKI HEAVY INDUSTRIES (USA), INC.**

    *Serve:* *Via Long Arm Statute*
    Kentucky Secretary of State
    700 Capital Avenue, Ste. 86
    Frankfort, Kentucky 40601

    for

1

*Serve*: *Via Certified Mail*
CT Corporation System
330 N. Brand Blvd.
Suite 700
Glendale, CA 91203

## COMPLAINT AND JURY DEMAND

Comes now the Plaintiff, Doug Jones, by counsel, and for his Complaint against the Defendants, S.W.T. Corp. d/b/a CC Powersports (hereinafter Defendant CC Powersports), Kawasaki Motors Corp., U.S.A., and Kawasaki Heavy Industries (USA), Inc. (hereinafter collectively the Kawasaki Defendants) hereby states as follows:

### PARTIES

1.   Plaintiff Doug Jones is and was at all relevant times a citizen and resident of the Commonwealth of Kentucky.

2.   Defendant S.W.T. Corp. d/b/a CC Powersports, to the best of Plaintiff's knowledge and belief, is and was, at all relevant times, a foreign corporation transacting business in the Commonwealth of Kentucky. Its registered agent for service is Tina Gonzalez, 327 Centre Drive, Shepherdsville, KY 40165.

3.   Defendant Kawasaki Motors Corp., U.S.A. to the best of Plaintiff's knowledge and belief, is and was, at all relevant times, a foreign corporation transacting business in the Commonwealth of Kentucky. Its registered agent for service is Michael Patrick Norton, 26972 Burbank, Foothill Ranch, California, 92610-2506.

4.   Defendant Kawasaki Heavy Industries (USA), Inc., to the best of Plaintiff's knowledge and belief, is and was, at all relevant times, a foreign corporation transacting business

2

in the Commonwealth of Kentucky. Its registered agent for service is CT Corporation System, 330 N. Brand Blvd, Suite 700, Glendale, CA 91203.

## JURISDICTION & VENUE

5. Plaintiff restates, re-alleges, reiterates, and incorporates by reference all of the allegations contained in the preceding paragraphs.

6. Plaintiff's claims against Defendants arise out of an incident that occurred on or about March 10, 2021, in Owsley County, Kentucky. Venue is thus proper in the Owsley County Circuit Court.

7. Plaintiff's claims against Defendants are in excess of the minimum jurisdictional requirements of the Owsley County Circuit Court.

## STATEMENT OF FACTS

8. In 2015, Plaintiff purchased a Kawasaki Teryx UTV from Defendant CC Powersports.

9. On or about March 10, 2021, Plaintiff was involved in a single-vehicle accident while operating the UTV.

10. Plaintiff was wearing his seatbelt at the time of the accident.

11. The seatbelt came loose during the accident.

12. As a result of the seatbelt coming loose, Plaintiff was ejected from the UTV.

13. Due to being ejected from the UTV, Plaintiff suffered significant personal injuries.

14. Prior to this accident, Defendant CC Powersports had serviced the UTV for a faulty seatbelt.

15. Seatbelts are designed and manufactured for use in vehicles to provide protection from injury in the event of a crash.

16. Seatbelts are designed to hold a wearer in place during an accident and ensure that they are not ejected.

17. The seatbelt came loose due to a defect in its design or manufacturing.

18. If Plaintiff had known that the seatbelt was defective after it had been serviced by Defendant CC Powersports, he would not have operated the UTV.

19. Plaintiff's serious physical injury has resulted in past and future medical expenses, the impairment of his power to labor and earn money, the loss of enjoyment of life, and past and future pain and suffering.

## COUNT I
### Negligence

20. Plaintiff restates, realleges, reiterates and incorporates by reference all the allegations contained in the preceding paragraphs.

21. Defendants had a duty to exercise ordinary care in the design, manufacturing, and servicing the UTV.

22. By selling the UTV to Plaintiff with a defective seatbelt, the Kawasaki Defendants breached their duty of ordinary care.

23. By servicing the UTV and allowing it to be returned to Plaintiff with a defective seat belt, Defendant CC Powersports breached its duty of ordinary care.

24. As a result of this breach of duty, Plaintiff suffered serious personal injury.

25. Plaintiff's injury was caused in whole or in part by Defendant CC Powersports' negligence.

4

Filed   22-CI-00010   03/09/2022   Phyllis Cornett, Owsley Circuit Clerk
A true copy attest   22-CI-00010   03/09/2022   /s/ Phyllis Cornett, Owsley Circuit Clerk

Case: 6:22-cv-00072-REW-HAI Doc #: 1-2 Filed: 04/07/22 Page: 7 of 13 - Page ID#: 16

Filed    22-CI-00010    03/09/2022    /s/ Phyllis Cornett, Owsley Circuit Clerk
A true copy attest    22-CI-00010    03/09/2022    /s/ Phyllis Cornett, Owsley Circuit Clerk

## COUNT II
### Strict Liability

26. Plaintiff restates, realleges, reiterates and incorporates by reference all the allegations contained in the preceding paragraphs.

27. The Kawasaki Defendants, at all times material hereto, were engaged in the business of designing, manufacturing, assembling, testing, marketing, promoting, advertising, distributing, and selling UTVs to the public, including within the Commonwealth of Kentucky.

28. The Kawasaki Defendants, as the makers of the subject vehicle, who placed such vehicle into the marketplace so as to be distributed and sold in a defective and unreasonably dangerous condition, are strictly liable for the physical harm caused by the subject vehicle's defective seatbelt.

29. The Kawasaki Defendants' seatbelt, which is not a component system that, once incorporated, is subject to any routine maintenance, adjustment or diagnostic review that would change its condition from how it was designed, manufactured and installed, would have expected the seatbelt to reach the user or consumer without substantial change in the condition in which it was sold.

30. The seatbelt at issue reached Plaintiff without substantial change from the time of its manufacture.

31. Following a failure of the seatbelt prior to the subject collision, Plaintiff had it serviced by Defendant CC Powersports.

32. Defendant CC Powersports failed to remediate the dangerous condition.

33. The Kawasaki Defendants placed the subject vehicle on the market with the knowledge that it would be used without inspection for defects and dangers. The Defendant knew, or should have known, that ultimate users, operators, or passengers would not and could not

5

properly inspect this product, including its seatbelt, for defects and dangerous conditions, and that detection of such defects and dangers would be beyond the capabilities of such persons.

34. The inherently and unreasonably dangerous and defective condition of the subject vehicle's seatbelt is a condition that was not readily apparent to Plaintiff, or similarly situated users, operators, consumers and owners, who could foreseeably be seriously injured or killed by said defective seatbelt should it fail to work as intended.

35. The Kawasaki Defendants failed to provide notice of the defective and unreasonably dangerous condition of the seatbelt to Plaintiff.

36. Plaintiff did not know of the dangerous condition in the subject vehicle at the time of purchase. At the time of the subject accident, Plaintiff believed the seatbelt to be in proper working order. Had he been aware of the danger, Plaintiff would not have continued to drive the subject vehicle without having the dangerous condition remediated.

37. The subject seatbelt installed by the Kawasaki Defendants was defective due to a manufacturing defect which rendered it unreasonably dangerous at the time it left Defendants' control.

38. The subject seatbelt contained a manufacturing defect because it departed from its intended design.

39. The seatbelt was unreasonably dangerous beyond that which would be contemplated by the ordinary user.

40. Without limitation, the subject seatbelt was defective because it malfunctioned and did not perform as intended and designed.

41. The manufacturing defect of the subject seatbelt was a substantial factor in causing Plaintiff's injuries and the damages claimed herein.

A true copy attest    22-CI-00010    03/09/2022    /s/ Phyllis Cornett, Owsley Circuit Clerk

42. In the alternative, to the extent that the subject seatbelt was manufactured in accordance with specifications, then it was defective in design. To the extent that the seatbelt was manufactured in accordance with specifications, it was designed so as to render it unreasonably dangerous. The Kawasaki Defendants could have provided a safer design alternative, which would have eliminated or significantly reduced Plaintiff's risk of harm.

43. The Kawasaki Defendants are strictly liable under products liability law.

## COUNT III
## Punitive Damages

44. Plaintiff restates, realleges, reiterates and incorporates by reference all the allegations contained in the preceding paragraphs.

45. Despite ample knowledge of the hazard posed by the seatbelt, Defendants. failed to warn Plaintiff and other similarly situated individuals of the hazard.

46. The Defendants conduct was grossly negligent and/or reckless.

47. Plaintiff is entitled to recover punitive damages from these Defendants.

**WHEREFORE**, the Plaintiff respectfully demands as follows:

1. Judgment against Defendants, jointly and severally, for damages in an amount in excess of the minimum jurisdictional requirement of this Court, as determined by the trier of fact, sufficient to fully and adequately compensate Plaintiff for the injuries, damages, harms, and losses described in this Complaint, including but not limited to:

    A. Past and future medical expenses;

    B. Past and future pain and suffering;

    C. Loss of enjoyment of life;

    D. Impairment of her ability to labor and earn income in the future.

2. Punitive damages from Defendants

7

Case: 6:22-cv-00072-REW-HAI   Doc #: 1-2   Filed: 04/07/22   Page: 10 of 13 - Page ID#: 19

Filed                22-CI-00010        03/09/2022         /s/ Phyllis Cornett, Owsley Circuit Clerk
A true copy attest   22-CI-00010        03/09/2022         /s/ Phyllis Cornett, Owsley Circuit Clerk

3. Pre- and post-judgment interest at the statutory legal rate;

4. Trial by Jury; and

5. Any and all other relief to which Plaintiff may be entitled.

Respectfully submitted,

*/s/Aaron M. Williams*
Aaron M. Williams, Esq. (KY Bar #97375)
Benjamin M. Potash, Esq. (KY Bar #97310)
**BUBALO LAW PLC**
9300 Shelbyville Road, Suite 210
Louisville, KY 40222
(502) 753-1600
(502) 753-1601 facsimile
awilliams@bubalolaw.com
bpotash@bubalolaw.com
*Counsel for Plaintiff*

8

## COMMONWEALTH OF KENTUCKY
## OWSLEY CIRCUIT COURT
## DIVISION _____
## CIVIL ACTION NO. _____

**DOUG JONES**                                                                                   **PLAINTIFF**

v.

**S.W.T. CORP d/b/a CC POWERSPORTS, et al.**                                     **DEFENDANTS**

---

### NOTICE OF ELECTION OF ELECTRONIC SERVICE

---

PLEASE TAKE NOTICE pursuant to CR 5.02(2), counsel for Plaintiff elects to "effectuate and receive service via electronic means." The electronic notification address at which the undersigned attorney agrees to accept service are listed below. Please include the following email addresses below to assure receipt of service.

awilliams@bubalolaw.com
bpotash@bubalolaw.com
wlucas@bubalolaw.com
scurran@bubalolaw.com

Please provide, in accordance with said rule, the electronic notification address at which counsel may be served.

Respectfully submitted,

/s/Aaron M. Williams
Aaron M. Williams, Esq. (KY Bar #97375)
Benjamin M. Potash, Esq. (KY Bar #97310)
**BUBALO LAW PLC**
9300 Shelbyville Road, Suite 210
Louisville, KY 40222
(502) 753-1600
(502) 753-1601 facsimile
awilliams@bubalolaw.com
bpotash@bubalolaw.com
*Counsel for Plaintiff*

Case: 6:22-cv-00072-REW-HAI   Doc #: 1-2   Filed: 04/07/22   Page: 12 of 13 - Page ID#: 21

Filed                22-CI-00010         03/09/2022        /s/ Phyllis Cornett, Owsley Circuit Clerk
A true copy attest   22-CI-00010         03/09/2022        /s/ Phyllis Cornett, Owsley Circuit Clerk

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent via U.S. Mail, postage pre-paid, and/or via electronic mail, on March 9, 2022, to the following:

Tina Gonzalez
327 Centre Drive
Shepherdsville, KY 40165

Michael Patrick Norton
26972 Burbank
Foothill Ranch, California 92610-2506

Kawasaki Heavy Industries (USA, Inc.
CT Corporation System
330 N. Brand Blvd.
Suite 700
Glendale, CA 91203

/s/Aaron M. Williams
*Counsel for Plaintiff*

**MICHAEL G. ADAMS**
**SECRETARY OF STATE**
P.O. Box 718
Frankfort, Kentucky 40602-0718

☑ **REGISTER TO VOTE**





7021 1970 0001 7985 7305

**MICHAEL PATRICK NORTON**
**KAWASAKI MOTORS CORP., USA**
**26972 BURBANK**
**FOOTHILL RANCH, CA 92610**

**RESTRICTED DELIVERY**

**RESTRICTED DELIVERY**



**RECEIVED**
**MAR 22 2022**
**LEGAL DEPARTMENT**



